IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TYLER ALLEN WILSON,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 14-50-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On April 16, 2014, Petitioner Tyler Wilson moved to proceed in forma pauperis with this action under 28 U.S.C. § 2254. Wilson is currently detained at the Yellowstone County Detention Center and is proceeding pro se.

On April 17, 2014, the Court ordered Wilson to "clarify what state proceedings have occurred since November 8, 2013." Wilson's only response was received by the Court on April 30, 2014, and consisted of a letter (apparently directed by Wilson to his mother) stating "I would like to answer to my Indictment or have the charges dismissed. All other changes have been dealt with. or give me thired party reales [sic]." Letter (Doc. 5) at 1. Perhaps the latter phrase indicates "third-party release." Wilson had an opportunity to clarify his habeas petition, but he failed to respond to the specific question asked of him. Accordingly, for the following reasons, the federal petition should be dismissed.

1

The petition is far from clear, and thus the Court must, as best it can, discern Wilson's custody situation. It appears that Wilson's probation or suspended sentence was revoked in November 2013 in Lewistown, Montana (Fergus County). He was sentenced to serve five years in the custody of the Montana Department of Corrections ("DOC"). Pet. (Doc. 1) at 2-3 ¶¶ 1-4. Wilson alleges that his constitutional rights are being violated because he was "not allowed to go to treatment" and does not have a bond. He refers to "Artical 9, 11, 8, 6" in alleging that his due process rights are being violated because he has not been timely arraigned. *Id.* at 4 ¶ 13A. He also states that he "Just finished with state stuff so I need the charges dissmissed (*sic*) or answer to my hold so I can move on with life." *Id.* at 5 ¶ 13B.

The Court takes judicial notice that federal charges were filed against Wilson in this Court on April 3, 2014. Fed. R. Evid. 201; *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc). His arraignment was conducted on May 15, 2014, and counsel was appointed to represent him. He entered a "not guilty" plea and was ordered to remain in custody. *See United States v. Wilson, 4:14-CR-24-BMM (Docket Entries 1 (Indictment), 6 (Writ of Habeas Corpus (For Prosecution)), and 7 (Minutes of Arraignment)).*

Taking all Wilson's allegations together, it appears that the revocation of a previous sentence resulted in a commitment to the custody of the DOC. Even if

the DOC could now release Wilson on the state charges (*see, e.g.,* Mont. Code Ann. § 46-18-201(3)(a)(iv)(A) (2013)), Wilson remains in custody on the federal charge.

To the extent Wilson believes these facts give rise to a claim for relief against one or more state sentences, a federal court generally may not hear such claims unless the prisoner has exhausted his state judicial remedies. Pet. at 3 ¶¶ 6-7, 3-4 ¶¶ 9-12; *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Unexhausted claims must be dismissed if they may still be presented to the state courts in compliance with state law. Because any claims Wilson might make against a revocation or sentence imposed on or after November 8, 2013, may yet be exhausted in state court, *e.g.*, Mont. Code Ann. § 46-21-101 to -203, they must be dismissed, *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002).

To the extent Wilson attempts to accelerate proceedings in federal court, his claim is defeated by his admission that he "just finished" his state proceedings. Pet. at 5 ¶ 13B(i). Although he also stated that his probation or suspended sentence was revoked on November 8, 2013, *see id.* at 2-3 ¶¶1-3, he failed to respond when given the opportunity to clarify whether that was the last occasion on which state proceedings occurred. Because Wilson failed to respond, the Court is left with his representation that state proceedings "just finished." Consequently, it appears that the federal warrant must have become the exclusive basis for his custody only

3

shortly before he filed his petition on April 14, 2014. Pet. at 8, Pet'r Decl. ¶ C.

Assuming that the Interstate Agreement on Detainers ("IAD") could apply to Wilson's situation, it requires that trial commence within 120 days of a timely demand for disposition of a detainer. 18 U.S.C. App. 2, § 2, Article IV(c). As a federal arraignment has been conducted, there is no reason to think the federal proceedings are in violation of the IAD's time requirements. To whatever extent Wilson has suffered pre-indictment delay or prejudice due to delay between indictment and arrest or appearance, or to the extent he believes he has other defenses, he may raise such claims after his appearance in this Court. *See generally United States v. Santana*, 526 F.3d 1257, 1261-62 (9th Cir. 2008); *United States v. Mendoza*, 520 U.S. 758, 762-65 (9th Cir. 2008).

Wilson's petition should be dismissed. Whether his claims are directed at one or more state convictions or revocations or at federal proceedings, there is no basis for federal habeas relief under either 28 U.S.C. §§ 2254 or 2241 or other federal law at this time. To the extent a certificate of appealability is pertinent, 28 U.S.C. § 2253(c)(1), it should be denied because Wilson does not make a showing that he is being deprived of a federal constitutional right, *id.* § 2253(c)(2).

Based on the foregoing, the Court enters the following:

# RECOMMENDATION

1. Wilson's motion to proceed in forma pauperis (Doc. 2) should be DENIED AS MOOT.

2. The Petition (Doc. 1) should be DISMISSED in its entirety.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability, to the extent it is pertinent, should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Wilson may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Wilson must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of May, 2014.

/s/ Carolyn S. Ostby
United States District Court